UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COLLEEN DOLAC,

    Plaintiff,

v.                                                                                  17-CV-1214 (JLS)

COUNTY OF ERIE, ERIE COUNTY
SHERIFF'S OFFICE, CHRISTA
CUTRONA, RN, MSN, MICHAEL
REARDON,

    Defendants.

---

## DECISION AND ORDER

On November 24, 2017, Plaintiff Colleen Dolac commenced this action seeking damages under the American with Disabilities Act ("ADA") and Age Discrimination in Employment Act ("ADEA"). Dkt. 1. On December 20, 2017, this Court[1] referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 8. Presently before the Court is Judge Schroeder's Report and Recommendation ("R&R") (Dkt. 22) addressing Defendants' motion to dismiss (Dkt. 7) and Plaintiff's motion to amend the complaint (Dkts. 17, 18), as well as Plaintiff's additional motion to amend the complaint (Dkt. 28).

---

[1] Judge Vilardo was originally assigned to this case and made the referral to Magistrate Judge Schroeder. On January 5, 2020, this case was reassigned to Judge John L. Sinatra, Jr. Dkt. 31.

For the reasons discussed below, this Court accepts the R&R in full and denies Plaintiff's motion to amend.

## BACKGROUND

This Court assumes the parties' familiarity with the details of this case, outlined in Judge Schroeder's R&R, and will provide only a brief summary of the relevant background.

Colleen Dolac filed this action alleging discrimination and retaliation in violation of the ADA and ADEA. Dkt. 1. On December 18, 2017, Defendants filed a motion to dismiss for failure to state a claim. Dkt. 7. On February 9, 2018, Dolac filed an amended complaint. Dkt. 14. On February 15, 2018, Dolac filed a motion for leave to file an amended complaint, Dkts. 17-18, which seeks to add state law claims for disability and age discrimination.

Judge Schroeder considered the merits of the motion to dismiss in light of the proposed amended complaint. Dkt. 22, at 7. Based on these motions and subsequent briefing, on September 28, 2018, Judge Schroeder issued an R&R recommending Defendants' motion to dismiss (Dkt. 7) be granted and Plaintiff's motions to amend her complaint (Dkts. 17, 18) be denied as futile. Dkt. 22, at 23.

On October 19, 2018, Dolac filed objections to the R&R. Dkts. 26, 27. On October 20, 2018, Dolac filed another motion for leave to amend the complaint. Dkt. 28. On November 12, 2018, Dolac filed additional objections to the R&R. Dkt. 30. Defendants did not file any objections to the R&R or respond to Plaintiff's filings after the R&R.

## DISCUSSION

### I. Review of the R&R

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects.[2] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[2] Normally a motion for leave to amend is not dispositive and would be decided by a magistrate judge in an order. *See, e.g., Palmer v. Monroe Cnty. Sheriff*, 378 F. Supp. 2d 284, 288-89 (W.D.N.Y. 2005). However, in similar circumstances where denial of leave to amend is based on futility or is dispositive of a claim, courts in this district and others have treated such denials as dispositive determinations subject to a *de novo* standard of review upon objection. *See Briggs v. County of Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016) (reviewing the denial of leave to amend because any amendment would not relate back and thus would be futile under a *de novo* standard of review); *Ezeh v. McDonald*, No. 13-CV-6563, 2016 WL 1254012, at *4 n.3 (W.D.N.Y. Mar. 14, 2016) ("Because my findings and conclusions regarding the futility of plaintiff's motion operate as a dispositive determination that [proposed defendants] may not be joined as defendants in this case, my determinations are made as part of a Report and Recommendation and not a Decision and Order."), *report and recommendation adopted*, 2016 WL 1271513 (W.D.N.Y. Mar. 30, 2016); *Pusey v. Delta Airlines, Inc.*, No. 09-CV-4084 (ENV)(JO), 2011 WL 1215081, at *1 (E.D.N.Y. Mar. 20, 2011) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it."); *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999) ("This Court is of the view that denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility."). Thus, to the extent that Judge Schroeder's determinations regarding the amended complaint were based on futility, and Dolac objected to these determinations, this Court reviews them *de novo*.

3

This Court has carefully reviewed the thorough R&R, the record in this case, the objections, and the materials submitted by the parties. Based on that *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation to grant Defendants' motion to dismiss and deny Dolac's motions to amend as futile.

## II. Plaintiff's Second Motion to Amend

Plaintiff's proposed second amended complaint (Dkt. 28) provides additional factual allegations regarding Defendants' notice of Plaintiff's disability and request for accommodation, as well as Defendants' knowledge of her health insurance coverage for her terminally ill husband. Dkt. 28-3, at 17-21 ¶¶ 77-86. This Court has reviewed Plaintiff's materials and concludes that none of the proposed amendments alleviates the fatal flaws in Plaintiff's claims discussed in Judge Schroeder's R&R. The proposed second amended complaint is futile.

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* A proposed amendment is futile if it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Xerox Corporation v. Lantronix, Inc.*, 342 F. Supp. 3d 362, 373 (W.D.N.Y. 2018) (citing *IBEW Local Union*

*No. 58 Pension Tr. Fund and Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015)).

## A. Failure to Accommodate Claim

To establish a prima facie claim for failure to reasonably accommodate, a plaintiff must show that: "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 577 (S.D.N.Y. 2008) (citing *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004)).

The Court concludes that Dolac's second proposed amended complaint does not present sufficient additional facts to allege she has an actual disability. The Court is unaware of any caselaw in which a person may be considered disabled under the ADA because of a relative's illness or providing care for a relative. While depression may qualify as a disability for ADA purposes, a mental impairment must be more than a "temporary psychological impairment" and must substantially limit a major life activity. *See Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 539 (S.D.N.Y. 2009); *Mabry v. Neighborhood Defender Service*, 769 F. Supp. 2d 381, 400-01 (S.D.N.Y. 2011). Dolac has not alleged sufficient facts to show that her depression was more than temporary: in February 2015 Dolac requested Family Medical Leave Act time for "to care for her husband," and only requested leave as a form of

"reasonable accommodation" in early September 2016. Dkt. 28-3, at 5 ¶ 19, at 8 ¶ 38.

Even assuming that Plaintiff's stress and depression due to her husband's suffering and her caregiver demands constitutes a disability, Dolac has not alleged in the latest proposed pleading that Defendants had notice of her disability. An employee must demonstrate the she suffers from a disability and tell her employer about her disability before her employer has "any obligation to accommodate the disability." *See MacEntee v. IBM*, 783 F. Supp. 2d 434, 443 (S.D.N.Y. 2011) (quoting *Santiago v. New York City Police Dept.*, No. 05 Civ. 3035(PAC)(MHD), 2007 WL 4382752, at *8 (S.D.N.Y. Dec. 14, 2007)); *see also Thompson v. City of New York*, No. 98 Civ. 4725(GBD), 2002 WL 31760219, at *9 (S.D.N.Y. Dec. 9, 2002) ("[W]ithout adequate knowledge of her medical condition, defendants were not in a position to even offer, let alone refuse, a reasonable accommodation to plaintiff.").

Here, while Defendants were aware that Plaintiff's husband was ill and she was caring for him, the notes Dolac provided do not constitute sufficient notice nor infer in any way that her depression required any accommodations. *See MacEntee*, 783 F. Supp. 2d at 444 (concluding the defendant lacked sufficient notice of plaintiff's disability where the defendant was aware plaintiff had taken short-term leave for her depressive condition and plaintiff had informed her manager she was depressed, but failed to provide medical documentation indicating she needed accommodations). Dolac also acknowledged in her proposed amended complaints that she "did not apply for a reasonable accommodation with the Erie County Office

6

of Disability" because "she did not require an on-the-job accommodation." Dkt. 28-3, at 6 ¶ 23.

Unlike disabilities that are more visible, the "presence, duration and ever-varying severity of depression cannot be adequately perceived or accommodated unless an employee informs in some manner her employer of her limitations as a result of such a disability." *MacEntee*, 783 F. Supp. 2d at 444 (citing *Heilweil v. Mount Sinai Hosp.*, 32 F.2d 718, 725 (2d Cir. 1994)). The "medical documentation" Dolac provided did not contain any details as to her conditions, the causes of her absence from work, or her limitations as a result of her alleged disability. Dkt. 28-9. These notes merely stated that Dolac was "off work" and to "continue DBL" or "disability" until a certain date. *See* Dkt. 28-9. These notes were provided in the context of Dolac still caring for her ill husband, for which she previously took time off. Generally, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed. *See, e.g., Costabile v. New York City Health & Hosp. Corp.*, 951 F.3d 77, 81 (2d Cir. 2020). Dolac's notes did not inform her employer of any limitations or request an accommodation other than time off from work.[3]

---

[3] Even assuming Defendants had notice, Dolac has not shown that the requested time off constitutes a reasonable accommodation, or that Dolac could perform the essential functions of her job with the requested time off. The Second Circuit has not decided whether paid or unpaid leave may be considered a reasonable accommodation. *See Smith v. North Shore-Long Island Jewish Health Sys.*, 286 F. Supp. 3d 501, 524 (E.D.N.Y. 2018) (citing *Petrone v. Hampton Bays Union Free Sch. Dist.*, 568 Fed. App'x 5, 7 (2d Cir. 2014)). While courts in this circuit have held that leave may be a reasonable accommodation in certain contexts, the ADA does not require employers "to hold an injured employee's position open indefinitely while

7

Dolac has failed to demonstrate sufficient notice to succeed on her disability discrimination claim based on failure to accommodate.

## B. Associational Discrimination

As for her associational disability claim based upon expense, Plaintiff has failed to allege additional facts giving rise to a reasonable inference that her husband's disability was a determining factor in the employer's decision to terminate her.

The ADA prohibits "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). To sustain an "associational discrimination" claim, a plaintiff must plausibly allege that: (1) she was qualified for the job at the time of adverse employment action; (2) she was subjected to an adverse employment action; (3) she was known at the time to have a relative or associate with a disability; and (4) the adverse employment action occurred under circumstances raising a reasonable

---

the employee attempts to recover." *Green v. Cellco Partnership*, 218 F. Supp. 3d 157, 164 (D. Conn. 2016) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 338 (2d Cir. 2000)). Courts considering this question have determined that a leave of absence may be a reasonable accommodation where it is finite and will be reasonably likely to enable the employee to return to work, such as to receive some necessary treatment. *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 185-86 n.5-6 (2d Cir. 2006) (collecting cases). None of the notes Dolac submitted from her healthcare providers indicated that paid time-off would have enabled her to "recover from [her] disability and successfully return to work in a reasonable amount of time." *Spiller v. City of New York Health and Hosp. Corp.*, 15-CV-06472 (PKC), 2017 WL 4326505, at *4 (E.D.N.Y. Sept. 28, 2017) (citing *Parker*, 204 F.3d at 338).

8

inference that the disability of the relative or associate was a determining factor in the employer's decision. *Graziadio v. Culinary Inst. of America*, 817 F.3d 415, 432 (2d Cir. 2016).

Dolac has supplemented her complaint with facts relating to the expense theory or category of associational discrimination—a theory that involves situations where an employee suffers adverse action because of his or her association with a disabled individual covered by the employer's insurance, which the employer believes (rightly or wrongly) will be costly. *Id.* (citing *Larimer v. Int'l Business Machines Corp.*, 370 F.3d 698, 700 (7th Cir. 2004)).

But Dolac has not alleged any facts—beyond general allegations that Defendant Reardon was "aware" of Dolac's union contract and health insurance coverage for her ill husband—to suggest that her husband's disability was a determining factor in her termination. Dkt. 28-3, at 19-21 ¶¶ 83-86. Dolac presents no statements, documents, or other evidence to suggest that her husband's medical expenses were on the minds of Defendants. *See Galgioti v. Levin Group, Inc.*, 508 Fed. App'x 476, 484-85 (6th Cir. 2012) (the law requires some showing that the potential medical expenses of the fired employee were on the minds of the decision maker at the time of the termination). Further, as Judge Schroeder noted in the R&R, Dolac's husband was diagnosed over a year and a half before Dolac was terminated. Dkt. 22, at 18, Dkt. 28-6; *see Trujillo v. PacificCorp*, 524 F.3d 1149, 1157 (10th Cir. 2008) (discussing the importance of "close temporal proximity" and concluding plaintiffs established a prima facie case where the time periods were

9

three and six weeks between the adverse employment action and protected activity). Dolac has not alleged facts to give rise to an inference of discrimination under the circumstances.

For the reasons above and discussed in the R&R, Dolac's motion to amend the complaint to add a claim for associational disability based upon expense is denied as futile.

## CONCLUSION

For the reasons stated above and in the R&R, Defendants' motion to dismiss (Dkt. 7) is GRANTED; Plaintiff's motions to amend her complaint (Dkts. 17, 18, 28) are DENIED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:    May 29, 2020
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE